TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00138-CR







William Ray Nobles, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-96-0565-S, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING







M E M O R A N D U M O P I N I O N



The opinion and judgment dated November 21, 2002, are withdrawn.

Appellant William Ray Nobles was placed on deferred adjudication community
supervision after he pleaded guilty to two counts of sexual assault of a child. See Tex. Pen. Code
Ann. § 22.011 (West Supp. 2003). Later, after a hearing on the State's motion, the district court
revoked supervision, adjudicated him guilty, and imposed a sentence of six years' imprisonment.

Nobles's court-appointed attorney filed a brief concluding that the appeal is frivolous
and without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738 (1967),
by presenting a professional evaluation of the record demonstrating why there are no arguable
grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573 S.W.2d
807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v.
State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App.
1969). 

Nobles exercised his right to file a pro se brief. His only contention is that the
attorney who represented him at the time he pleaded guilty did not render effective assistance. In
general, a defendant placed on deferred adjudication supervision may raise issues relating to the
original plea proceeding only in an appeal taken when deferred adjudication supervision was
imposed. Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). Nobles's contention
thus comes too late and is overruled. Id.; see also Nix v. State, 65 S.W.3d 664, 667-70 (Tex. Crim.
App. 2001); Jordan v. State, 54 S.W.3d 783, 785-86 (Tex. Crim. App. 2001). Nobles may pursue
his contention in a post-conviction habeas corpus proceeding.

We have reviewed the record and briefs and agree that the appeal is frivolous and
without merit. The judgment of conviction is affirmed.



 __________________________________________

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: January 16, 2003

Do Not Publish